**UNITED STATES**

v.

**Private (E–2) Hershel D. TOWERY, 462–94–8848, US Army, Headquarters, 4th Battalion, 3d Basic Combat Training Brigade, US Army Training Center and Fort Dix, Fort Dix, New Jersey.**

**CM 432911.**

U. S. Army Court of Military Review.

Sentence Adjudged 5 Nov. 1974.

Decided 17 Dec. 1975.

Appearances: Appellate counsel for the Accused: CPT Donald R. Jensen, JAGC; MAJ Richard J. Goddard, JAGC; COL Alton H. Harvey, JAGC. Appellate counsel for the United States: CPT Gay M. Holmes, JAGC; CPT William C. Kirk, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

**OPINION OF THE COURT**

COSTELLO, Judge:

Appellant was convicted, contrary to his plea, of possession and sale of heroin in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. The sentence as reduced by the convening authority is set out above.

The principal contention before us asserts a violation of the rule of *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971) in that appellant was not brought to trial until the 103rd day following his pretrial confinement. There is no question here of the inception of that incarceration, but we must consider its terminal date.

An Article 39(a), UCMJ, 10 U.S.C. § 839(a) session was convened on the 85th day from appellant's incarceration at which appellant moved for dismissal of the charges on pre-*Burton*, due process grounds. Following the trial judge's proper denial of that motion, the accused was arraigned, entered his plea, and the court was assembled. Both sides were prepared for trial, and a *voir dire* of the panel began. Trial defense counsel's examination of the panel disclosed that five of the seven members present had sat on an earlier case in which the principal Government witnesses were the same informer and CID agent who were to be the witnesses against appellant. Although this was not a "closely related" case in the sense of paragraph 62f, Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM 1969 (Rev)), defense counsel argued successfully that the investigative procedures and results to be recounted by those witnesses were identical to

those the panel members had found credible in the earlier case, with the result that their impartiality with respect to appellant was impugned. The trial judge dismissed five panel members and trial counsel exercised a peremptory challenge, reducing the panel to one member.

Following an adjournment to the next day, trial counsel produced by proper amending orders seven new members from the second court then sitting at Fort Dix. A replay of the first day of trial occurred because five of the new group had sat on still another prior case with the same Government witnesses and scenario. Another adjournment was granted and on the next day, a Saturday, trial counsel secured a new panel which ultimately heard the case, but the witnesses had dispersed.

The trial did not resume until the 103rd day of appellant's confinement because of problems with reassembling the out-of-state witnesses (one of whom was a civilian) and scheduling conflicts. At that session trial defense counsel renewed his motion to dismiss, based on the *Burton* rule. Following a denial of his motion, the trial resumed and was concluded on the 104th day with findings of guilty and a lawful sentence.

■ Appellant contends that the ninety day period set by *Burton* was not terminated by the Article 39(a), UCMJ, session on the 85th day. It is apparent that not every such session will end the Government's accountability under *Burton*. *See United States v. Beach*, 23 U.S.C.M.A. 480, 50 C.M.R. 560, 1 M.J. 118 (1975). However, one that results in findings of guilt certainly does. *United States v. Marell*, 23 U.S.C. M.A. 240, 49 C.M.R. 373 (1974). We do not find the emphasis on Article 39(a), UCMJ, sessions well placed in this case, and do not consider it helpful here to explore the shadings of difference that might be legally significant in the outcomes of Article 39(a) sessions lying between *Beach* and *Marell*.

We reject consideration of Article 39(a) sessions as such because, as to this appellant, the trial had begun. He had been arraigned, entered a plea and the type of court he selected was assembled with coun-

sel prepared and witnesses available. Those actions met the Government's obligation under Article 10, UCMJ, 10 U.S.C. § 810, to take "immediate steps . . . to try him." They also showed that the Government had completed "the processing of charges for trial" which is the focus of the diligence required by *Burton*. *United States v. Marshall*, 22 U.S.C.M.A. 431, 435, 47 C.M.R. 409, 413 (1973).

■ Finding that appellant's trial began on the 85th day of the *Burton* period does not end our inquiry here, the trial was not completed until the 104th day. Obviously, delay in the trial process could result in error, but not every error at trial is prejudicial *per se*. For example, a delay of two years between findings and imposition of a proper sentence was not found to have violated either the Sixth Amendment or Rule 32(a) of the Federal Rules of Criminal Procedure where timely corrective action was taken upon discovery of the error. *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). The court in *Pollard* said: "Error in the course of a prosecution resulting in conviction calls for correction of the error, not the release of the accused." *Id.*, at 362, 77 S.Ct. at 486.

The delay in this case was the product of a condition which was not defined until the trial had commenced. We find the circumstances in this case, especially the concentration of markedly similar but "unrelated" cases within one calendar month, to have been an event not reasonably foreseeable in the ordinary course of conducting a busy general court-martial jurisdiction. Although we find the trial judge's ruling to have been within his discretion, it was not an essential result. Consequently, even if the trial counsel had guessed that some taint might be attached to his panel, the issue was fairly one to have been left to the trial judge.

Thus, the Government responded expeditiously to unforeseen difficulties. After the second panel was rejected by the trial judge, a third was selected and the "error" was corrected. *Pollard, supra*. Thereafter,

the case proceeded without further demands for speedy processing from the appellant or undue delay attributable to the Government.

We have undertaken to respond to appellant's contentions and hold that his trial commenced on the 85th day of his pretrial confinement, thus avoiding a *Burton* presumption. However, we also note that there are 24 days of defense requested delay in the case which if applied to the largest span of time possible here, 104 days, leaves the Government accountable for only 80.

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge DONAHUE, concur.